UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PHILLIP RUSS, IV , Presiding
Elder, On Behalf of Themselves
and All Others Similarly Situated,
MARCIUS KING, Rev. by and
through Lynette Glenn, Power of
Attorney, On Behalf of Themselves
and All Others Similarly Situated,
and MATTHEW EWING, Rev., On
Behalf of Themselves and All
Others Similarly Situated,

    Plaintiffs,

v.                                      Case No. 3:22-cv-375-BJD-LLL

NEWPORT GROUP, INC.,
SYMETRA FINANCIAL
CORPORATION, JEROME V.
HARRIS, Rev. Dr., SAMUEL L.
GREEN, Bishop, AFRICAN
METHODIST EPISCOPAL
CHURCH, and JOHN DOE 1-10,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court sua sponte. Review of Plaintiffs' Complaint reveals that it constitutes a prototypical "shotgun pleading" and it fails to adequately plead jurisdiction.

**1. Shotgun Pleading**

There are four basic types of shotgun pleadings:

> (1) those in which "each count adopts the allegations of all preceding counts;" (2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which.

Yeyille v. Miami Dade Cty. Pub. Sch., 643 F. App'x 882, 884 (11th Cir. 2016) (quoting Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015)). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323. Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, Plaintiffs reallege and reincorporate all previously stated allegations in Counts I through III. Additionally, Plaintiffs assert multiple claims against all Defendants collectively without specifying which claim applies to which individual Defendant.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997); see also Weiland, 792 F.3d at 1324 ("[T]his Court has condemned the incorporation of preceding paragraphs where a complaint contains several

counts, each one incorporating by reference the allegations of its predecessors [i.e., predecessor counts], leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." (internal quotation and citation omitted)); Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.").

As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.") (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151 (11th Cir. 2011)).

2. **Jurisdiction**

Plaintiffs allege to bring this claim as a class action lawsuit. (Doc. 1 at ¶ 16). District courts have original jurisdiction over a class action where the amount in controversy exceeds $5,000,000 and the parties are minimally diverse, i.e., any member of a class of plaintiffs is a citizen of a state different from that of any defendant. 28 U.S.C. § 1332(d)(A); see Evans v. Walter Indus., Inc., 449 F.3d 1159, 1164 (11th Cir. 2006). Additionally, the proposed class must have at least 100 members. 28 U.S.C. § 1332(d)(5)(B).

Here, Plaintiffs fail to specifically allege the citizenships of either the Plaintiffs or Defendants. (See generally Doc. 1). Additionally, Plaintiffs fail to allege the projected class size. See generally id. Plaintiff will need to allege each to demonstrate that this Court has jurisdiction over the claims in this suit.

Accordingly, after due consideration, it is

**ORDERED:**

The Complaint (Doc. 1) is **STRICKEN**. Plaintiff shall file an amended complaint on or before **April 19, 2022** to remedy the deficiencies noted herein, or this case will be **DISMISSED without prejudice.**

**DONE** and **ORDERED** in Jacksonville, Florida this 5th day of April, 2022.

BRIAN J. DAVIS
United States District Judge

8
Copies furnished to:

Counsel of Record
Unrepresented Parties